Pratt, J.
As the minor in this proceeding was under the age of fourteen years, it was the duty of the surrogate to nominate and appoint a guardian, but the fact that the name of the person who was afterwards appointed was suggested by the petitioner does not render the appointment invalid.
In the selection of a proper person, the surrogate exercised his discretion, and that discretion is not reviewable in this court so long as there seems to exist no legal disqualification in the appointee.
Neither was the surrogate bound by any former rule in chancery to appoint a relative. It may have been that such an appointment would have been improper by reason of adverse interest and want of proper qualification on the part of the relatives of the minor.
We think there was enough in the evidence to sustain the action of the surrogate in appointing a guardian, and, so far as appears, the selection cannot justly be criticised.
Order affirmed, with costs.
Barnard, P. J., concurs.
Dykman, J.
This is an appeal from an order of the surrogate of Dutchess county appointing a general guardian of the estate of Jennie D. Vandewater, who is an infant under the age of twenty-one years.
The objections made before us are technical and open to a suspicion at least that they are not made in the interest of the infant.
The circumstances surrounding this minor and her possible interest in the estate of her grandfather conspire in justification of the selection of a disinterested person for her guardian.
The interests of the appellants are plainly adverse to the minor and if her rights are to be ascertained and secured the task must devolve upon others.
We find full justification for the appointment of the guardian, and the order should be affirmed with ten dollars costs and disbursements to be paid by the appellant personally.